IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TRUE GRADE, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>TECHLONG INTERNATIONAL, INC,<br><br>    Defendant. | Civil Action File No. 2:22-CV-165-RWS |

# COMPLAINT

Plaintiff, by and through the undersigned counsel, hereby files this Complaint for damages against the Defendant, and in support thereof, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, TRUE GRADE, LLC, ("True Grade" or "Plaintiff") is, and during all times herein relevant was, a Limited Liability Company organized and existing under the law of the state of Florida, doing business in the State of Florida.

2. Defendant, TECHLONG INTERNATIONAL, INC. ("Tech-Long" or "Defendant") is, and during all time herein relevant was, corporation organized

under the laws of the State of Georgia, with its principal place of business located at 3870 Lakefield Drive, Suwanee, Georgia, 30024.

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the total amount in controversy exceeds $75,000, exclusive of costs and interest of this action.

4. This Court has personal jurisdiction over Defendant because Defendant is a Corporation organized under the laws of the state of Georgia and has a principal office located in Georgia.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

6. All conditions precedent to the filing of this action have occurred or have been waived.

## GENERAL ALLEGATIONS

7. True Grade is an importer, exporter, and distributor of quality food products to the retail, food service, and hospitality industries, delivering commercial, food service, and retail products including bottled water.

8. Tech-Long is a 100% owned subsidiary of Tech-Long Packaging Machines Co. Ltd, which provides services including, in relevant part, bottle design and testing.

9. On or around, late 2019, True Grade and Tech-Long began discussions regarding Tech-Long manufacturing bottled water with custom labeling for True Grade.

10. Subsequently, on or around November 11, 2019, True Grade executed a Purchase Order ("Purchase Order") with Tech-Long whereby Tech-Long was to supply 385,000 400ml aluminum resealable bottles with custom labeling. *A true and correct copy of the Purchase Order is attached hereto as Exhibit "A."*

11. True Grade was to provide the custom label to Tech-Long for production.

12. Moreover, pursuant to the Purchase Order, the product to be bottled was "still, purified, ozonated water & spring water."

13. True Grade understood this to mean Tech-Long would be providing spring water and was a material term upon which True Grade agreed to the Purchase Order as their clients only accept spring water.

14. The Purchase Order stated the total price for goods, including delivery and duty charges, was $139,150, with 50% of the total price due with the order and the remaining 50% payment due upon communication that the bottles are ready for dispatch.

15. The Purchase Order provided that the bottles would be "ready to ship 75 days, ex-works Guangzhou, from receipt of [True Grade's] order & down payment."

16. The Purchase Order was signed by a True Grade representative on December 9, 2019.

17. Subsequently, True Grade made payment to Tech-Long via wire in the amount of $85,167.50 on December 17, 2019 (herein the "Deposit"). *A true and correct copy of the wire transfer is attached hereto as Exhibit "B."*

18. On or around early January 2020, True Grade had not yet sent the template for its labels to Tech-Long.

19. Therefore, no customization of the aluminum bottles had taken place at that point.

20. On or around January 9, 2020, Tech-Long emailed True Grade regarding the contents of the product.

21. Specifically, Tech-Long notified True Grade that the water was to be "Purified Water." *A true and correct copy of the email from Tech-Long on January 9, 2020 is attached hereto as Exhibit "C."*

22. Given that True Grade believed the water to be Spring Water and that they could only use spring water, True Grade responded to Tech-Long stating "…I think there was a misunderstanding [sic]. We need spring please

pause any production." *A true and correct copy of the email from True Grade on January 9, 2020 is attached hereto as Exhibit "D."*

23. Thereafter the Parties attempted to remedy the misunderstanding.

24. However, Tech-Long notified True Grade that in order to bottle the correct water, spring water, there would be a price increase to $1.95 per case.

25. True Grade's client did not approve the price increase and chose not to proceed with production.

26. On January 21, 2020, True Grade notified Tech-Long that it would not proceed with production due to the parties' misunderstanding.

27. On January 23, 2020, True Grade asked for return of its down payment of $85,167.50, due to the misunderstanding as to the type of water to be produced and the price increase for the correct type of water.

28. On February 14, 2020, Tech-Long informed True Grade that it would not refund True Grade's down payment of $85,167.50, claiming Tech-Long already placed the order and paid the Manufacturer with the deposit.

29. Tech-Long also claimed that the deposit was "non-refundable."

30. However, nowhere in the Purchase Order does it state the deposit is non-refundable.

31. Moreover, True Grade had not yet sent any template for its labels to Tech-Long. Therefore, no customization of the aluminum bottles had taken place at the time the misunderstanding came to light.

32. On February 24, 2020, True Grade sent Tech-Long a Demand Letter for return of the deposit. However, the parties have been unable to resolve the dispute.

## COUNT I – RECISSION BASED ON MUTUAL MISTAKE

33. For all purposes, Plaintiff realleges and reincorporates the facts and adopts herein the statements and allegations raised in paragraphs 1 through 32.

34. True Grade and Tech-Long entered into a Purchase Order on or around December 9, 2020, whereby True Grade agreed to pay an initial deposit of $85,167.50 at the time of the order and Tech-Long agreed to provide aluminum bottled water outlined in the Purchase Order.

35. At the time the parties entered into the Purchase Order, there was a lack of the meeting of the minds because the parties experienced a misunderstanding as to what kind of water was to be bottled.

36. Specifically, True Grade wanted the bottles to contain spring water and believed it could choose from any of the types of water listed on the purchase order.

37. However, Tech-Long understood it was to bottle purified water for True Grade.

38. Consequently, Tech-Long ordered the wrong type of water, purified water.

39. Upon notification of such error, Tech-Long agreed to remedy the error, only if True Grade agreed to a price increase.

40. True Grade's client declined this price increase and decided to not move forward with production.

41. True Grade requested return of initial deposit of $85,167.50.

42. However, Tech-Long refused to return True Grade's deposit.

43. As a result of the error, True Grade has been deprived of the benefits of the bargain made with Tech-Long and has been damaged as its initial deposit of $85,167.50 was not returned.

44. True Grade performed the terms of the Purchase Order by paying the initial deposit via wire, which was approved on December 17, 2019. At that time, True Grade was credited $85,167.50.

45. Because the Parties did not have a meeting of the minds as to the type of water to be bottled, no valid contract was formed.

46. Accordingly, Tech-Long is not entitled to retain the deposit.

## COUNT II – UNJUST ENRICHMENT

47. For all purposes, Plaintiff realleges and reincorporates the facts and adopts herein the statements and allegations raised in paragraphs 1 through 32.

48. True Grade conferred a benefit upon in the form of payment in the amount of $85,167.50 in exchange for bottled spring water.

49. Tech-Long failed to provide True Grade with bottled spring water.

50. Despite its failure to provide True Grade with bottled spring water, Tech-Long has retained the payment from True Grade.

51. Due to Tech-Long's refusal to return the deposit, True Grade has been damaged.

## COUNT III – BREACH OF CONTRACT
(*In the Alternative*)

52. For all purposes, Plaintiff realleges and reincorporates the facts and adopts herein the statements and allegations raised in paragraphs 1 through 32.

53. True Grade and Tech-Long failed to enter into a valid contract because there was no meeting of the minds as to the water to be provided.

54. However, in the event True Grade and Tech-Long did enter into a valid contract, Tech-Long has breached the contract.

55. True Grade and Tech-Long entered into a purported contract on or around December 9, 2020, whereby True Grade agreed to pay an initial deposit of $85,167.50 at the time of the order and Tech-Long agreed to provide filled aluminum water bottles outlined in the purported contract.

56. True Grade complied with the terms of the Contract and made the initial deposit of $85,167.50.

57. However, Tech-Long failed to comply with its obligations under the Contract.

58. Tech-Long ordered purified water, the incorrect water to be bottled.

59. Given that this was a single delivery order, True Grade had the right to reject the goods upon inspection.

60. After rejecting the goods for failure to comply with True Grade's order of bottled spring water, Tech-Long refused to return True Grade's initial deposit of $85,167.50.

61. As a result of Defendant's breach, Plaintiff has been severely damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a judgment in its favor and the following relief:

1. Finding there was no meeting of the minds to constitute a valid contract;

2. Ordering Defendant to return Plaintiff's deposition of $85,167.50 to return Plaintiff to its original position before the Purchase Order;

3. Finding Defendant has been unjustly enriched by Plaintiff;

4. In the alternative, finding Defendant has breached the Purchase Order and ordering Defendant pay monetary damages to Plaintiff for its breach.

5. Such other and further relied as the Court deems appropriate and just under the circumstances.

Respectfully submitted this 22nd day of August, 2022.

**Edwin Cook Law, LLC**
50 Hurt Plaza SE, Suite 1140
Atlanta, GA 30303
Telephone: (404) 465-3426

BY: /S/ Edwin M. Cook
Edwin M. Cook, Esq.
Georgia Bar No.: 154203

Case 2:22-cv-00165-RWS   Document 1   Filed 08/22/22   Page 11 of 11

-and-

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave., Ste. 510
Miami, Florida 33135
T: (786) 837-6787 F: (305) 718-0687
madelyn@epgdlaw.com

    Madelyn P. Peterson, Esq.
    Florida Bar No.: 1017228
    *Pending Admission Pro Hac Vice*

*Attorneys for Plaintiff True Grade, LLC*

-11-